**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | |
|---|---|
| **IN RE:** | **CHAPTER 13** |
| **WALTER RUSSELL WINFREE, III** | **CASE NO. 24-50395** |
| **Debtor** | |

**SUPPLEMENTAL**
**TRUSTEE'S OBJECTION TO CONFIRMATION, MOTION TO DISMISS,**
**AND REQUEST FOR DOCUMENTS AND AMENDMENTS**

COMES NOW the Chapter 13 Trustee, and (i) submits this request for documents and amendments from the Debtor(s) following the meeting of creditors, and (ii) objects to confirmation of the Plan filed on 8/9/2024 and (iii) moves to dismiss this case unless all of the objections and requests for documents and amendments have been resolved prior to the hearing. The hearing on the Trustee's objection to confirmation and motion to dismiss or convert shall be held on:

**October 17, 2024 at 9:30 a.m.**

Parties should contact Judge Connelly's courtroom deputies at
VAWBml_Connelly_Scheduling@vawb.uscourts.gov
to obtain video access instructions and Zoom access information

1. The Trustee requests the Debtor to provide the following documents, or file with the Court the following amendments and pleadings, at least ten (10) days before the hearing noticed herein, to assist in resolving the Trustee's objections:

   **Documents - Income**
   - A copy of the Debtor's most recently filed federal and state income tax return or provide the Trustee with an affidavit for: 2023.
   - Copy of all of the Debtor's pay stubs, operating statements, retirement checks, or government benefits (social security, etc.) for 60 days.
   - Bank and financial statements from all personal and business accounts for the period of: July 2024 (all accounts).

   **Documents - Other**
   - Debtor and Counsel appeared. Counsel for Trustee appeared. No creditors appeared. Meeting of Creditors continued to 9/24/2024 at 01:30 PM via Zoom: Meeting ID 521 328 9393, Passcode 0411151273.
   - Please provide proof of the Debtor's Social Security Number.
   - The Trustee's Debtor Questionnaire sent to the Debtor by the Trustee, with all questions answered.
   - File a pre-confirmation affidavit from Debtor(s), or other appropriate evidence to satisfy matters addressed in the affidavit.

   **Pleadings**
   - Submit a wage order or establish automatic and recurring TFS account for plan payments.
   - Amend Schedule C: The Trustee objects to the following claims of exemption: Va. Code Ann. § 34-28.1 for legal malpractice lawsuit against former attorney and Va. Code Ann. § 34-26(4a) as the amount claimed in total is $9,126 exceeds the $5,000 limit.

2. The Trustee objects to confirmation of the plan and requests that the Plan be amended to address the following issues:

    **Amend Plan or Suggest Confirmation Order Language**
    - Amend the plan to provide for Section 1326 adequate protection payments for: Specialized Loan Servicing, LLC.
    - Amend the plan to clarify that the chapter 7 test figure in Part 5.1 is uncertain but at least $3,308 based upon overused exemptions.
    - Amend the plan to resolve the objections/motions filed by NewRez LLC d/b/a Shellpoint Mortgage Servicing.

    **Objections**
    - The Plan does not meet the Chapter 7 liquidation test pursuant to 11 U.S.C. Section 1325(a)(4). Trustee to review bank statements and any amended schedules. Further, Trustee to review any updates on litigation against former attorney for legal malpractice.
    - The Debtor fails to provide that all of the disposable income in the commitment period will be applied to plan payments pursuant to 11 U.S.C. Section 1325(b)(1)(B). Debtor has disclosed several causes of action against third parties.
    - The Debtor(s) are in default of plan payments in the amount of $100 as of August 18, 2024.

3. The Trustee prays that any confirmation order entered in this case shall include the following other provisions:

    **Conf - Retain Objections**
    - Trustee retains her Disposable Income and Chapter 7 test objections to review the Debtor(s)' recoveries for legal malpractice, medical malpractice, and/or any personal injury, and confirmation is not res judicata as to these issues. Trustee also retains her objection to the Debtor(s)' claimed exemptions of the personal injury proceeds and confirmation is not res judicata as to the validity of such exemptions. The Debtor(s) shall advise the Trustee immediately when their personal Injury case has been settled, and shall not spend any proceeds until the Trustee and Debtor(s)' attorney have resolved any issues regarding which proceeds are exempt, and which shall be paid to the Trustee.

4. The Trustee shall ask for dismissal or conversion of the case if the Debtor does not timely commence making Plan payments at the rate and in the amounts stated in their Plan. If the Plan calls for payments through an automatic wage deduction from an employer, the Debtor must make payments directly to the Trustee until the wage deduction takes effect.

    **WHEREFORE,** your Trustee requests that the Court dismiss or convert this case if the Debtor(s) fail to do any of the following: (i) resolve the objections noticed herein, (ii) provide the requested modifications, documents, amendments, and/or actions; (iii) appear at the original or adjourned Meeting of Creditors; (iv) remain current in Plan payments; or (v) file a confirmable Plan.

Dated: September 11, 2024

/s/ Shannon Morgan

Shannon Morgan
Attorney for the Chapter 13 Trustee,
Angela M. Scolforo
P. O. Box 2103
Charlottesville, VA  22902
Ph: 434-817-9913
Email: ch13staff@cvillech13.net

## CERTIFICATE OF SERVICE

    I certify that a true copy of this Trustee's Request for Documents and Amendments, Objection to Confirmation, and Motion to Dismiss or Convert was served by first class mail, postage paid, upon the Debtor and served electronically upon the Debtor's counsel on September 11, 2024.

/s/ Shannon Morgan

Shannon Morgan
Attorney for the Chapter 13 Trustee,
Angela M. Scolforo
P. O. Box 2103
Charlottesville, VA  22902
Ph: 434-817-9913
Email: ch13staff@cvillech13.net